IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AARON PRICE,<br><br>Plaintiff,<br><br>vs.<br><br>SALT LAKE COUNTY JAIL (MEDICAL),<br><br>Defendant. | ORDER DISMISSING § 1983 CIVIL RIGHTS COMPLAINT<br><br><br><br>Case No. 2:07-CV-00671 PGC |

Proceeding *in forma pauperis*, Plaintiff Aaron Joshua Price filed a 42 U.S.C. § 1983 civil rights complaint against the Salt Lake County Jail medical staff alleging personal injury due to medical malpractice [#5]. In his complaint, he specifically seeks compensation for hearing damage he incurred as a result of an ear infection he developed while incarcerated. Finding that his complaint fails to state a claim on which relief can be granted, however, the court hereby DISMISSES his action.

Federal *in forma pauperis* proceedings are governed by 28 U.S.C. § 1915, which among other things directs the court to dismiss the case if, at any point, the court finds that the action "fails to state a claim on which relief may be granted."[1] In *Braxton v. Wyandotte County*

---

[1] 28 U.S.C. § 1915(e)(2)(B)(ii).

*Sheriff's Department*, the Tenth Circuit upheld the dismissal of a state inmate's § 1983 action pursuant to this provision on facts similar to those presented here.[2]

The plaintiff in *Braxton*, who had fallen down a flight of stairs at a county detention center, alleged in part that the medical care he received violated his Eighth Amendment rights.[3] In affirming the lower court's decision, the Circuit first stated the general rule that:

> In cases involving the deprivation of medical treatment, prison officials violate the Eighth Amendment if "their deliberate indifference to serious medical needs . . . constitutes the unnecessary and wanton infliction of pain." However, medical malpractice is not compensable under § 1983 because inadvertent failure to provide adequate medical care or negligence in diagnosing or treating a medical condition does not violate the Eighth Amendment.[4]

Next, the Circuit determined that the plaintiff had not experienced a delay in medical care resulting in substantial harm such as a "lifelong handicap, permanent loss, or considerable pain," and that within four days of his accident he had received care by a prison doctor, pain medication, ankle support, and a referral to a university hospital for specialized treatment.[5] In addition, the Circuit held that the plaintiff had "failed to demonstrate that the defendants acted with deliberate indifference to his medical needs, namely that the defendants knowingly disregarded an excessive risk to [his] health or safety."[6] While the he needed to "allege some facts to demonstrate the defendants[] subjective[ly] inten[ded]

---

[2] 206 F. App'x 791, 792, 794 (10th Cir. 2006).

[3] *Id.* at 792-93.

[4] *Id.* at 793 (quoting *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006)).

[5] *Braxton*, 206 F. App'x at 793.

[6] *Id.*

to deprive him of medical care, knowing that such deprivation would cause significant risk to his health," the plaintiff's bare allegations about his treatment timing (even construing them liberally) were insufficient in that regard.[7]

Applying these principles to the present case, the court finds that Mr. Price's § 1983 action does not state a claim on which relief can be granted. Although he contends he developed permanent hearing and possible nerve damage — which does constitute "substantial harm" — he in no way alleges that his injuries resulted from any *delay* in treatment on the part of the Salt Lake County Jail medical staff. To the contrary, the written entries supplied with his complaint show that, immediately upon putting in a sick call to the jail M.D., he was seen by the doctor and placed on a course of antibiotics and ear drops for several seven-day intervals, and that he was ultimately referred to an ear specialist at the university hospital. Mr. Price instead argues that the jail M.D. failed to provide adequate medical care in treating the ear infection — i.e., that the medicine did not work, and/or that Mr. Price needed longer periods of treatment. Such allegations, however, sound squarely in negligence, and as such, are not compensable under § 1983. Indeed, Mr. Price provides no facts whatsoever demonstrating that the jail M.D. subjectively intended to deprive him of medical care, knowing that such deprivation would cause significant risk to his health. And without more, it is clear that mere medical malpractice does not violate the Eighth Amendment.

---

[7] *Id.* at 793-94.

Accordingly, the court hereby DISMISSES Mr. Price's § 1983 civil rights complaint for failure to state a compensable claim [#5].

DATED this 13th day of September, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge